HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLW VENTURES LLC,

           Plaintiff,

     v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, U.S. FOREST
SERVICE,

           Defendant.

CASE NO. C14-5806 RBL

ORDER GRANTING STAY

THIS MATTER is before the Court on Defendant United States Forest Service's motion to dismiss, or in the alternative, to stay [Dkt. # 26]. Plaintiff GLW owns approximately 109 acres of property located within the Columbia River Gorge National Scenic Area. The property is subject to a Conservation Easement Deed which limits GLW's rights of ownership, but expressly reserves others, such as the right to develop two legal, buildable lots.

In an attempt to exercise that contractual right, GLW submitted a lot-line application to Skamania County and sought the Forest Service's consent to a boundary line adjustment. The Forest Service refused as the adjustment would have altered the size, shape, and location of the legal parcels which comprise the subject property. The Forest Service also argued that the

proposed adjustment would not conform to the Skamania County Code in that a 96 acre parcel would be reduced below the applicable 80 acre minimum, making it inconsistent with the agreed terms of the Conservation Easement.

Following the Forest Service's refusal to consent to the boundary line adjustment, GLW filed its first federal suit in this Court against the Forest Service and Skamania County. GLW sought a declaration stating that the boundary line adjustment was not prohibited by the easement or by the Columbia River Gorge National Scenic Area Act, under which the easement was created. GLW also sought injunctive relief demanding that Skamania County continue processing GLW's land use application.

While the first federal lawsuit was still active and pending, GLW submitted a second application to the County for the same adjustment, but this time it did not seek the Forest Service's approval. The Skamania County Planning Department approved the application, but the Forest Service immediately appealed that decision, arguing that the adjustment would violate the local zoning restrictions. On appeal, the County Hearing Examiner determined that the permit had been wrongly approved by the County and overturned the County's ruling. GLW appealed that decision to the Columbia River Gorge Commission.

Before the Gorge Commission ruled on the appeal, however, both parties filed motions for summary judgment in the federal lawsuit. This Court denied both motions and stayed the suit pending the outcome of the County litigation.

Following this Court's ruling, the Gorge Commission affirmed the Skamania County Hearing Examiner's decision to revoke the permit. In response, GLW appealed the Commission's decision to the Skamania County Superior Court naming the Forest Service, Friends of the Columbia Gorge, and Skamania County as respondents. Several months after the

ORDER GRANTING STAY - 2

1  appeal was filed, GLW moved the Superior Court to stay its lawsuit, arguing that the Superior

2  Court should defer to federal court. A hearing apparently occurred on January 15, 2015, to

3  address the stay of the Superior Court appeal, but this Court has yet to receive any notice of the

4  Superior Court's decision.

5      A month after seeking a stay, GLW filed this second federal lawsuit, alleging that the

6  Forest Service violated the Gorge Act by opposing and preventing a division of the property into

7  the two agreed-upon tracts. GLW seeks declarations that the Forest Service violated the Gorge

8  Act and that no relevant authority prohibits the proposed boundary adjustment. GLW also seeks

9  an injunction compelling the Forest Service to comply with the Gorge Act.

10     The Forest Service now seeks dismissal of GLW's lawsuit for lack of subject matter

11  jurisdiction, based on the same arguments it made in the first case. If the Court determines that it

12  does have jurisdiction over GLW's claims against the Forest Service, it seeks summary

13  judgment. Alternatively, the Forest Service asks the Court to stay this case until the Superior

14  Court appellate process is complete.

15     GLW argues that this Court does have subject matter jurisdiction pursuant to 16 U.S.C. §

16  544(b)(2)(A), and that state court does not have the jurisdiction to consider its citizen-suit claim

17  brought under that same Act.

18     The determination of the superior court appeals process is certainly relevant and perhaps

19  dispositive of the claims in this case. Depending on the outcome of that process, this case will

20  likely be consolidated with the first federal lawsuit because they involve common questions of

21  law and fact:

22          When actions involving a common question of law or fact are pending before the
            court, it may order a joint hearing or trial of any or all the matters in issue in the
23          actions; it may order all the actions consolidated; and it may make such orders
            concerning proceedings therein as may tend to avoid unnecessary costs or delay.

24

FRCP 42; *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 523 F.2d 1073, 1080 (9th Cir. 1975). District courts possess broad discretion when ordering consolidation of actions. *See Shields v. Frontier Tech. LLC*, 593 Fed. Appx. 671, 672 (9th Cir. 2015). Cases may be consolidated even where certain defendants are named in only one of the complaints. *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009).

The Forest Service's motion to dismiss, or in the alternative, to stay is **GRANTED**. This case is **STAYED** pending the outcome of the Skamania County Superior Court suit as the outcome of that litigation could moot this case.

IT IS SO ORDERED.

Dated this 13th day of April, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER GRANTING STAY - 4